■ In the Matter of a Trust Created by CHARLOTTE P. HYDE, Deceased. GLENS FALLS NATIONAL BANK AND TRUST COMPANY et al., as Trustees of a Trust Created by CHARLOTTE P. HYDE, Deceased, Petitioners; CAROL J. WHITNEY, as Executor of LOUIS H. WHITNEY, Deceased, et al., Respondents, and MARY W. RENZ et al., Appellants. (Proceeding No. 1.) In the Matter of a Trust Created by NELL PRUYN CUNNINGHAM, Deceased. BANKNORTH, N.A., et al., as Trustees of a Trust Created by NELL PRUYN CUNNINGHAM, Deceased, Petitioners; CAROL J. WHITNEY, as Executor of LOUIS H. WHITNEY, Deceased, et al., Appellants-Respondents, and MARY W. RENZ, Respondent-Appellant, et al., Respondents. (Proceeding No. 2.) [876 NYS2d 196]—

Cardona, P.J. (1) Appeals from an amended order of the Surrogate's Court of Warren County (Hall, Jr., S.), entered August 14, 2007, which, among other things, denied the cross motion of respondents Mary W. Renz, Franklin Todd Renz, Gavin W. Renz and Mary Eliza Pruyn Renz-Uitti for reallocation of trustees' counsel fees in proceeding Nos. 1 and 2, (2) cross appeals from a decree of said court, entered September 13, 2007, which, among other things, judicially settled the intermediate accounts in proceeding No. 2, and (3) appeal from a decree of said court, entered July 14, 2008, which, among other things, judicially settled the intermediate accounts in proceeding No. 1.

These proceedings arise out of two trusts; one was created by Charlotte P. Hyde in her last will and testament (hereinafter the Hyde trust) and the other was an inter vivos trust created by Nell Pruyn Cunningham (hereinafter the Cunningham trust). The Hyde trust provides that Hyde's grandchildren, respondent Mary W. Renz (hereinafter Renz) and Louis H. Whitney (hereinafter Whitney), receive equal shares of the trust income during their lifetime. Upon Whitney or Renz's death, the principal of their respective shares is to be distributed to all of Hyde's living great-grandchildren. Renz has three children, respondents Franklin

Todd Renz, Gavin W. Renz and Mary Eliza Pruyn Renz-Uitti (hereinafter collectively referred to as the Renz children). Whitney has two children, respondents Charlotte P. Whitney and Louis H. Whitney II (hereinafter collectively referred to as the Whitney children). Upon Whitney's death in January 2008,[1] all five great-grandchildren received a one-fifth interest in the principal of his share of the trust.

The Cunningham trust term is measured by the lives of Cunningham's grandnephews, petitioners Samuel P. Hoopes and Byron J. Lapham Jr. During the trust term, Renz and Whitney were to receive an undivided one-sixth interest in the trust income, with a contingent remainder of one sixth of the principal if they are still alive at the end of the trust terms. Upon Whitney's death, his children received equal shares of his one-sixth income interest and became contingent remaindermen of one sixth of the trust principal.

In October 2001, the trustees of the Hyde trust commenced proceeding No. 1 for an intermediate accounting for the time period of March 1980 to October 2000. Similarly, in February 2003, the trustees of the Cunningham trust commenced proceeding No. 2 for an intermediate accounting to settle the accounts for the period of January 1982 to January 2003. Whitney and the Whitney children filed numerous objections to the Hyde accounting and Whitney filed numerous objections to the Cunningham accounting, seeking to deny petitioners' commissions and impose a surcharge on the ground that petitioners did not diversify the investment portfolios of the trusts. Following a joint trial, Surrogate's Court dismissed the objections and such decision was affirmed on appeal (44 AD3d 1195 [2007], *lv denied* 9 NY3d 1027 [2008]).

Thereafter, Renz and the Renz children renewed a previous cross motion to direct that all the litigation expenses incurred by petitioners in defending the Whitney objections be paid by the interests of the Whitney children in the Hyde and Cunningham trusts. By an amended decision and order in August 2007, Surrogate's Court denied that cross motion. Thereafter, in September 2007 and July 2008, the court judicially settled the intermediate accountings of the trusts. Renz and the Renz chil-

---

**1.** Following Whitney's death, his widow and executor, respondent Carol J. Whitney, was substituted for him in both of these proceedings by order entered April 2008. Similarly, the Whitney children were simultaneously joined as respondents in proceeding No. 2.

dren now appeal from the August 2007 order.[2] Renz also cross-appeals from the September 2007 decree and appeals from the July 2008 decree to the extent that such decrees incorporate or rely upon the August 2007 order.

We find no error in Surrogate's Court charging the trusts generally with the litigation expenses incurred by petitioners in defense of the Whitney objections rather than reallocating those expenses solely to the Whitney children's interests in the trusts. In general, parties to a controversy are required to pay their own counsel fees. Upon fixing the amount of counsel fees to be paid for services to an estate, Surrogate's Court is authorized to "direct payment therefor from the estate generally or from the funds in the hands of the fiduciary belonging to any legatee, devisee, distributee or person interested" (SCPA 2110 [2]). Nevertheless, the Court of Appeals has held that "SCPA 2110 does not authorize payment for legal services rendered a party to be charged against the share of other individual parties" (*Matter of Dillon*, 28 NY2d 597, 599 [1971]). Inasmuch as Surrogate's Court was not authorized to charge the Whitney's share of the trusts for the counsel fees incurred by petitioners in defense of the Whitney's objections, the cross motion by Renz and the Renz children was properly denied. Furthermore, despite the Renzes' contention to the contrary, we find no basis to distinguish this case from *Matter of Dillon* (*supra*).

Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the amended order and the decrees are affirmed, without costs.

---

2. Although Whitney and the Whitney children appealed from the September 2007 decree, that appeal has admittedly not been perfected and, therefore, their appeal is deemed abandoned (*see* 22 NYCRR 800.12).